IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GILBERT JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 4:21-cv-587 |
| VS. | § | |
| | § | **JURY DEMAND** |
| DESSERT GALLERY COMMISSARY, | § | |
| LTD. and DESSERT GALLERY NO. 1, | § | |
| LTD., | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT AND JURY DEMAND

Plaintiff Gilbert Johnson ("Plaintiff" or "Mr. Johnson"), by and through his undersigned counsel, and for his Complaint in this action against Defendants Dessert Gallery Commissary, Ltd. and Dessert Gallery No. 1, Ltd., (collectively, "Defendants"), hereby alleges as follows:

### NATURE OF THE CLAIMS

1.  This is an action for injunctive and equitable relief, as well as monetary damages, to redress Defendants' unlawful employment practices against Plaintiff, including its discriminatory treatment and harassment of Plaintiff due to his sex and sexual orientation in violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"), and § 21.051 of the Texas Labor Code ("TLC").

### JURISDICTION AND VENUE

2.  The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights

[1]

under Title VII. The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because Defendants are residents and have a principal place of business in this judicial district.

## ADMINISTRATIVE PROCEDURES

4. Prior to the filing of this Complaint, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §§ 2000e *et seq*. ("Title VII").

5. Plaintiff was issued a notice of right to sue by the EEOC on January 15, 2021.

6. Any and all other prerequisites to the filing of this suit have been met.

## PARTIES

7. Plaintiff Gilbert Johnson is a resident of Harris County, Texas. At all relevant times, Plaintiff is and has been a resident of the State of Texas and met the definition of an "employee" under all applicable statutes.

8. Upon information and belief, Defendants Dessert Gallery Commissary, Ltd., ("DGC") and Dessert Gallery No. 1, Ltd., ("DG1") are engaged in restaurant and retail. At all relevant times, DGC and DG1 have met the definition of an "employer" under all applicable statutes.

## FACTUAL ALLEGATIONS

9. Plaintiff is a former employee of Defendants.

10. Plaintiff is an openly gay man.

11. Mr. Johnson worked for Defendants as a General Manager from January thru August 2020, a position he was recruited for by Defendants based on his qualifications and 45

[2]

years of experience in the food and retail industry.

12. At the onset of Mr. Johnson's employment, he was able to complete his duties as general manager, which included oversight of operations at the retail bakery and cafe. Part of the operational oversight was ensuring his staff and direct reports completed all their daily tasks and duties. As general manager, Mr. Johnson communicated and implemented ideas and marketing strategies to upper management that helped with the financial success of the company. Mr. Johnson increased sales between five and ten percent each month during his tenure. During team meetings, he was constantly lauded by upper management as his work "saved the company" during COVID-19.

**Sexual Harassment**

13. While working for Defendants, Ron Morris, who is the spouse of Defendants' COO, Nicole Morris, continually addressed Mr. Johnson as "sweetie." Nicole Morris was also Mr. Johnson's direct supervisor.

14. In May 2020, the behavior escalated. While working as a painter for Defendants, Mr. Morris made a sexualized comment regarding fellatio toward Mr. Johnson, in reference to Mr. Johnson telling Mr. Morris he did not like metal straws. Mr. Morris replied, "I thought you like something long and hard in your mouth."

15. From that moment, a shift in the environment occurred for Mr. Johnson.

**Removal of General Manager Duties Based on Bias**

16. One of Mr. Johnson's duties as General Manager was staff hiring. During Mr. Johnson's tenure as general manager, he only hired one employee. The new hire was a Transgender woman. Mr. Johnson requested that the employee's documentation stay private. However, when Ms. Morris found out the gender identity of the new hire, Mr. Johnson was no

longer able to supervise the process of new hires. Additionally, Mr. Johnson was subjected to offensive commentary about the Transgender woman he hired, and he was bombarded with questions about her bathroom access, which he defended.

17. The next staff hires made during Mr. Johnson's tenure were completed by Ms. Morris, including the assistant manager who would ultimately replace Mr. Johnson upon his termination.

**Termination**

18. During Mr. Johnson's tenure at Dessert Gallery, he felt an underlying bias toward LGBTQ staff. As general manager, he was pressured by upper management to write-up two LGBTQ workers including the Transgender woman Mr. Johnson hired, and a lesbian woman who worked for Defendants. Mr. Johnson was informed that his job was on the line if he did not write them up.

19. In August 2020, Mr. Johnson was terminated. The reason given is that he did not complete assigned tasks as general manager, which was inaccurate. Mr. Johnson was terminated by Ms. Morris. Additionally, Ms. Morris terminated the Transgender staff member Mr. Johnson hired. Ms. Morris also terminated a lesbian staff member one day prior to Mr. Johnson's termination.

**FIRST CAUSE OF ACTION**

**(Discrimination in Violation of Title VII of**

**the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §§ 2000e *et seq*.)**

20. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

21. Defendants' conduct as alleged at length herein constitutes discrimination based

on sex and sexual orientation in violation of Title VII.

22. As a direct and proximate result of Defendants' unlawful discriminatory conduct, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income for which he is entitled to an award of monetary damages and other relief.

## SECOND CAUSE OF ACTION

### (Retaliation for Engaging in Protected Activity)

23. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

24. Defendants' conduct as alleged above constitutes retaliation against the Plaintiff because he engaged in activities protected by Title VII.

25. As a direct and proximate result of Defendants' unlawful retaliatory conduct, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income for which he is entitled to an award of monetary damages and other relief.

## THIRD CAUSE OF ACTION

### (Discrimination in Violation of the Texas Labor Code)

26. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

27. Defendants' conduct as alleged above constitutes unlawful discrimination based on sex and sexual orientation in violation of the Texas Labor Code.

28. As a direct and proximate result of Defendants' unlawful retaliatory conduct, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but

not limited to, loss of past and future income for which he is entitled to an award of monetary damages and other relief.

## FOURTH CAUSE OF ACTION

### (Hostile and Abusive Working Environment)

29. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

30. Defendants' conduct as alleged above constitutes a hostile and abusive working environment in violation of Title VII and the Texas Labor Code.

31. As a direct and proximate result of Defendants' hostile and abusive working environment, Plaintiff has suffered damages for which he is entitled to an award of monetary damages and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendant, containing the following relief:

A. An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

B. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment;

C. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for mental anguish and emotional distress, humiliation,

depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

  D. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

  E. An award of punitive damages;

  F. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

  G. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein. Dated: February 24, 2021.

        Respectfully submitted,

        */s/ Fran Watson*

        Fran Watson, Attorney at Law
        Texas State Bar No.: 24070816
        6200 Savoy Dr. Suite 1202
        Houston, Texas 77036
        Telephone: (281) 954-0590
        Facsimile: (832) 553-1875
        E-mail: fran.watson@fwatsonlaw.com